SCOTTIE HODGIN, )
)  Case No. 2:26-cv-122
    *Plaintiff*, )
)  Judge Travis R. McDonough
v. )
)  Magistrate Judge Cynthia R. Wyrick
TROUSDALE TURNER )
CORRECTIONAL FACILITY, )
)
    *Defendant*. )

## MEMORANDUM AND ORDER

Plaintiff, a prisoner housed in the Trousdale Turner Correctional Center ("TTCC") in Hartsville, Tennessee, filed a pro se complaint under 42 U.S.C. § 1983 (Doc. 1) and a motion for leave to proceed *in forma pauperis* (Doc. 4). For the reasons set forth below, Plaintiff's motion (*id.*) will be **GRANTED**, and the Court will **TRANSFER** this action to the Nashville Division of the United States District Court for the Middle District of Tennessee.

## I.    MOTION TO PROCEED *IN FORMA PAUPERIS*

Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing a civil action may apply for permission to file suit without prepaying the $350.00 filing fee required by 28 U.S.C. § 1914(a). It appears from Plaintiff's motion and supporting documents that he is unable to pay the fee, and therefore, the motion to proceed *in forma pauperis* (*id.*) is **GRANTED**.

Plaintiff is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 220 West Depot Street, Suite 200, Greeneville, Tennessee 37743, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to his inmate trust account; or (b) twenty

percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C.§ 1915(b)(1)(A) and(B). Thereafter, the custodian of Plaintiff's inmate trust account is directed to submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this procedure, the Clerk is **DIRECTED** to provide a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II.     VENUE

The general venue statute for federal district courts provides in relevant part as follows:

> A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(1)-(3). Plaintiff's complaint asserts claims arising out of incidents occurring while he was housed in the TTCC in Hartsville, Tennessee, and the only Defendant is the TTCC Nursing Staff (Doc. 1). The TTCC lies within Trousdale County, Tennessee, in the judicial district

2

for the Nashville Division of the United States District Courts for the Middle District of Tennessee. 28 U.S.C. § 123(b)(1). Therefore, the proper venue for this case is the Nashville Division of the Middle District of Tennessee.

A federal district court may transfer a civil action to any district or division where it could have been filed originally "in the interest of justice[.]" 28 U.S.C. § 1406(a). It is appropriate to do so here. Accordingly, the Clerk will be **DIRECTED** to transfer this action to the Nashville Division of the Middle District of Tennessee and to close this Court's file.

## III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 4) is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to provide a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy; and

5. The Clerk is **DIRECTED** to transfer this action to the Nashville Division of the Middle District of Tennessee and close this Court's file.

**SO ORDERED.**

**/s/ *Travis R. McDonough***
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**

3